## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 17-CV-

**PATRICIA V. LUNA**

       Plaintiff,

v.

**TOWN OF CEDAREDGE**, a **Colorado Municipal corporation,**

       Defendant(s).

---

## COMPLAINT
---

Plaintiff Patricia V. Luna, for her Complaint, states as follows:

### I.     JURISDICTION AND VENUE

1. This action is authorized and the jurisdiction of this Court is invoked pursuant to 42 U.S.C. §2000e-5(f).

2. Venue is proper in this Court as the unlawful employment practices alleged herein were committed within the jurisdiction of the United States District Court for the District of Colorado.

### II.     PARTIES

3. Luna is a 57 year old, Hispanic female citizen of the United States and, at all times relevant hereto, was a resident of, and domiciled in, the State of Colorado.

4. Defendant Town of Cedaredge ("Cedaredge") is a Colorado municipal corporation with its principle place of business located at 235 W. Main Street, Cedaredge, CO.

1

5. At all times relevant hereto, Cedaredge was an employer of over 20 employees.

### III.   ADMINISTRATIVE PROCEDURES

6. Within 300 days of the occurrence of the acts complained of below, Luna filed a Charge of Discrimination with the Equal Employment Opportunity Commission claiming that she was discriminated against on the basis of her race, color, and that Defendant retaliated against her for engaging in a protected activity.

7. On or about October 29, 2016, Luna received a "Notice of Right to Sue" from the EEOC, dated October 27, 2016.

### IV.   FACTUAL ALLEGATIONS

8. In June 2005, Luna began employment with the Cedaredge Police Department as an Administrative Assistant.

9. On or about February 14, 2009, Luna was transferred from the Cedaredge Police Department to the position of Deputy Town Clerk and received consistent performance evaluations rating her performance as "exceeds expectations".

10. On or about June 2, 2012, Luna was hired as the Town Clerk for Cedaredge, with a starting salary of $18.50 per hour per the Cedaredge Wage Scale for 2012.

11. All other department heads who were not Hispanic and were newly hired, were started at a higher wage than Luna.

12. On or about June 4, 2013, Luna received a memorandum regarding improving her goals in the position of Town Clerk.

13. Luna prepared a rebuttal to the Memorandum with attachments, but those attachments were "shredded" by Cedaredge and not considered as a part of her rebuttal.

14. Cedaredge uses performance evaluations in considering individuals for advancement and for salary adjustments.

2

15. Luna was not given a performance evaluation in her position as Town Clerk until December 2013, 18 months after she started that position.

16. Other, non-Hispanic employees who were recently hired by Cedaredge were given timely performance evaluations within 12 months of their start date.

17. The Performance Evaluation Luna received falsely accused Luna of not completing her tasks.

18. Luna returned the Performance Evaluation with a rebuttal and a list of completed tasks for the time period of June 2012 through July 2013.

19. In her position as Town Clerk, Luna observed a consistent pattern of Hispanic employees not being evaluated on a regular basis.

20. On or about December 23, 2013, Luna filed a Report and Complaint of Harassment and Hostility on the Job and Discrimination based upon race and national origin and requested an Executive Session to address her issues.

21. The Mayor of Cedaredge, Patricia Means, stated to Luna that her complaint was a "serious accusation" and she was told it would be investigated.

22. In January 2014, Means requested that Luna complete a questionnaire prepared by the Defendant's attorneys, but refused to set an executive session.

23. Despite the assurance that her complaints would be investigated, the Defendant did not take any remedial actions to prevent the continued harassment and discrimination.

24. In January 2015, Luna was translating an Employee Evaluation form for a Hispanic coworker Cruz Alejandre which included a criticism of Alejandre for speaking Spanish in the workplace.

25. Luna overheard the her supervisor Town Administrator Kathleen Sickles verbally state to Alejandre that he should learn English and advised him that he would not receive a merit pay increases until he learned English.

26. On or about June 17, 2015, Luna received a Performance Evaluation with which she disagreed and was informed that she would not be receiving a merit increase.

27. On or about February 22, 2016, Luna received a Disciplinary Notice from Defendant alleging that she had failed to complete certain minor administrative tasks and was

demoted from Town Clerk/Assistant Town Administrator to Town Clerk only and suffered a decrease in her compensation.

28. During the time period when the alleged deficient performance was noted in the Disciplinary Notice, Luna had taken substantial, preapproved time off as a result of a medical condition requiring her to take large quantities of steroids, causing her to be physically sick.

29. On the same day she received the Disciplinary Notice, Luna contacted Jerry Young, Director of Public Works for Defendant and stated that she believed Kathleen Sickles was prejudiced against Hispanics.

30. Young responded to Luna by stating that he agreed Sickles was prejudice because whenever he asked for a merit pay increase for his Hispanic Public Works employees, Sickles always refused to award such increases without explanation, despite overwhelming evidence that the Hispanic employees deserved such merit pay increases.

31. On February 23, 2016, Luna made a verbal request to Mayor Means for an Executive Session in order to raise her concerns about Sickles' discrimination.

32. After several days passed, Mayor Means contacted Luna and informed her that her request for executive session had to be in writing with a detailed explanation for that request.

33. At that same time, Mayor Means stated to Luna that she should consider retiring due to illness and let Sickles "do what she wants".

34. Luna declined Mayor Means' request that she voluntarily terminate her employment.

35. By letter dated February 29, 2016, Luna made a formal written request for an Executive Session.

36. The Executive Session was scheduled for March 10, 2016, at which time, Luna presented a written Report and Complaint of Harassment and Hostility and Discrimination by Town Administrator Kathleen Sickles.

37. On March 24, 2016, Luna met with an investigator from the Law Firm Bechtol & Santo, lawyers for Defendant.

38. On or about April 8, 2016, Mayor Means requests that Luna take two (2) weeks

4

off with pay in order to be a "team Player" and to "relieve stress from Kathleen Sickles" related to her Charge of Discrimination.

39. On or about April 13, 2016, the investigator sent a letter to Mayor Means with a Summary of Findings re: Luna's complaint which found that there was insufficient evidence of intentional discrimination.

40. On April 14, 2016, Luna filed her Charge of Discrimination with the EEOC alleging that she had been discriminated against on the basis of her race, national origin and disability status.

41. On April 20, 2016 the Town Board of Trustees decided not to retain Luna in her position with the Defendant.

42. Sickles called Luna and informed her that her employment with the Defendant was terminated effective April 23, 2016, but no reason was given for the termination.

## FIRST CAUSE OF ACTION
## RACE/COLOR DISCRIMINAITON

43. Luna incorporates by reference her prior factual allegations herein.

44. Plaintiff Luna, as a Hispanic American is a member of a protected class.

45. During the term of her employment, Luna was performing her job duties in a satisfactory manner.

46. Luna was treated differently than similarly situated non-Hispanic American employees by being underpaid and not being given timely performance evaluations which impacted her ability to obtain merit increases and advancement.

47. Defendant engaged in the unlawful employment practices in violation of 42 U.S.C. §2000e-(2)(a)(1).

48. Defendant's actions in treating Luna differently than similarly situated non-Hispanic Americans, was in violation of 42 U.S.C. §2000e.

49. The effect of the practices complained of was to deprive Luna of equal employment opportunities and to otherwise adversely affect her status as an employee, based upon her race.

50. The unlawful employment practices complained of above were the intentional

acts of Defendant's managers and Defendant had actual knowledge of the discrimination and harassment due to Luna's supervisor's participation in those acts.

51. Defendant took no remedial action to stop the discrimination and disparate treatment and thereby, allowed a hostile, intimidating and offensive work environment to persist, which culminated in Luna's wrongful termination.

52. As a direct and proximate result of Defendant's discrimination, Plaintiff has suffered past and future wage loss, emotional distress, inconvenience, mental anguish and other non-pecuniary losses.

## SECOND CASUE OF ACTION
## RETALIATION

53. Luna incorporates by reference her prior factual allegations and causes of action herein.

54. Plaintiff Luna engaged in protected activities when she complained of racial harassment and discrimination.

55. As a result of her complaints, Defendant retaliated against Luna by engaging in the unlawful employment practices described above in violation of 42 U.S.C §2000-e 2(a)(1).

56. The effect of the practices complained of above was to deprive Luna of equal employment opportunities and otherwise adversely affect her status as an employee based upon her prior complaints.

57. Defendant took no remedial action to stop the retaliation which created an intimidating and hostile work environment.

58. Luna was terminated shortly after engaging in the protected activity of filing a formal complaint with Defendant regarding the discrimination by Sickles.

59. As a direct and proximate result of Defendant's retaliation against Plaintiff, she has and will continue to incur past and future wage loss, emotional distress, inconvenience and other non-pecuniary losses.

**WHEREFORE,** Plaintiff's representative respectfully requests that this Court enter judgment in her favor and against the Defendant Town of Cedaredge, and award her all relief as allowed by law, including but not limited to, the following:

  a. Actual economic damages as established at trial;

  b. Pre-judgment and post-judgment interest at the legal rate;

  c. Attorney's fees and costs; and

  d. Such further relief as justice requires.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

**DATED** this 25th day of January 2017

       **SCOTT F. REESE, P.C.**

       <u>**S/ Scott F. Reese**</u>
       Scott F. Reese
       795 W. Birch Ct., Suite 100
       Louisville, CO 80027
       (303) 665-4448

       **Attorney for Plaintiff**

Plaintiff's Address:
145 SE 4th Street
Cedaredge, CO 81413